STACY, Appellant, vs. JEFFERSON COUNTY, Respondent.

*August 30 — September 20, 1887.*

PRACTICE: *Service of notice by mail: Proof of service.*

An affidavit by an attorney that he particularly instructed his clerk to serve a notice upon the adverse party by mail, by inclosing a certified copy thereof in a post-paid envelope, addressed to such attorney at his proper postoffice address, with no direction on such envelope to the postal officers to return the same in case of its non-delivery to the person addressed, and place it in the postoffice in the town where he himself resided, and leave it there to be carried, and believes that he did so, accompanied by the affidavit of such clerk, made some two years after the service, to the effect that he served such notice and at the time well understood the requirement of the statute, and believes that he observed all the attorney's directions, and that the paper was never returned, *held*, in the absence of denial, to be sufficient to establish a compliance with sec. 2821, R. S., on that subject.

APPEAL from the Circuit Court for *Jefferson* County. The case is sufficiently stated in the opinion.

*Harlow Pease*, for the appellant, to the point that it is essential to a legal service of a notice by mail, in order to set the statute running, that all the conditions of sec. 2821, R. S., should be strictly complied with, and, among others, that there should be no indorsement on the envelope directing a return in case of non-delivery to the person addressed, and that the proof of such compliance should be affirmative and positive, and not merely upon information and belief, cited *Corwith v. State Bank*, 18 Wis. 560; *Couldren v. Caughey*, 29 id. 320; *Rosenkrans v. Kline*, 42 id. 561; *Uren v. Walsh*, 57 id. 98; *Johnson v. Curtis*, 51 id. 597; *Corning v. Pray*, 2 Wend. 626; *Un. Nat. Bank v. Benjamin*, 61 Wis. 512; *Ex parte Haynes*, 18 Wend. 613; *Smith v. Luce*, 14 id. 237; *Wood v. Lake*, 13 Wis. 90; *Wheeler & W. M. Co. v. Teetzlaff*, 53 id. 221; *Oliver v. Town*, 28 id. 333; *Hudson*

*v. Henry*, 1 Caines, 67; *Clark v. McFarland*, 10 Wend. 636; *Gaffney v. Bigelow*, 48 How. 475.

For the respondent there was a brief by *G. J. Conway* and *G. W. Bird*, attorneys, and *Gregory, Bird & Gregory*, of counsel, and oral argument by *G. W. Bird*.

COLE, C. J. The circuit court doubtless denied the application for judgment on the ground that the affidavits showed with sufficient certainty that the original order, sustaining the demurrer to the complaint, was served as claimed by defendant's counsel; consequently the plaintiff, being in default, had no right to serve an amended complaint without leave of court first obtained. The order sustaining the demurrer was made September 24, 1884, and the question is, Was there a service of a copy of that order upon plaintiff's counsel, so as to set the statute running upon it? It is admitted that the only service of the order was by mail, and the contention of the plaintiff's counsel is that the affidavits failed to show that such service was properly made. Counsel says it does not appear with sufficient certainty that the wrapper, in which the copy of the order was inclosed, was without any direction thereon to the postal officers for its return, in case of non-delivery to the person addressed, so as to make the service good under sec. 2821, R. S. That section expressly requires, where service of a paper is by mail, that the same be properly inclosed in a post-paid wrapper, addressed to the person upon whom it is to be served, at his proper post-office address, "without any direction to the postal officers, upon the wrapper, for the return thereof, in case of non-delivery to the person addressed, and must be deposited in the post-office, and left there to be carried."

The evidence produced to show that this section was complied with is contained in several affidavits, the material parts of which will be alluded to. One was made by Mr.

Kirkland, who was the district attorney at the time, and who states, in substance, that on the same day the order sustaining the demurrer was filed with the clerk, he directed such clerk to serve the order without delay, upon plaintiff's attorney, by inclosing a certified copy of the order in a post-paid wrapper, addressed to Mr. Gardner,— who was then plaintiff's attorney,— at Watertown, Wisconsin, his proper post-office address, without any direction to the postal officers upon the wrapper for the return thereof in case of non-delivery to the person addressed, and to deposit the same in the post-office at Jefferson, and there leave it to be carried. He says he was particular to especially instruct the clerk that the wrapper in which he should so inclose said copy must be without any direction to the postal officers thereon for the return thereof; he believes his instruction was observed by the clerk; that a few days after he called at the office of the clerk to ascertain if the clerk had served a certified copy of said order, and was informed by the clerk that he had served the same. Mr. Brown, the clerk, makes three affidavits, and states that on or about the 29th of September, 1884, and not later than the 3d of October, 1884, and for and on behalf of Messrs. Kirkland & Bird, the attorneys for defendant, he served the order upon Mr. Gardner, by depositing a true copy of the same in the post-office at the city of Jefferson, properly inclosed in a post-paid wrapper, addressed to Mr. Gardner at Watertown, his proper post-office address, and left said copy in the post-office at Jefferson, to be carried, and that the same has never been returned, though there is a daily mail between the cities of Jefferson and Watertown. He says he well understood at the time that to serve by mail, the wrapper in which the paper to be served was inclosed should have no direction on it for its return in case of non-delivery; that he intended to, and believes he did, in all respects and particulars, observe all instructions and direc-

tions given him by Mr. Kirkland in making such service. There are some matters in the other affidavits which slightly corroborate the statements of Kirkland and Brown, that the statute was observed in making the service. And our conclusion is, upon all the evidence bearing upon the subject, that due and proper service of the copy of the order was made by mail. We think this is the fair and reasonable presumption to be made upon the affidavits, and that a *prima facie* case of service was established. It is possible that this *prima facie* case might have been overcome or rebutted by an affidavit of Mr. Gardner that he had never received the package through the mail. We do not say that this would be the case, but it is certainly worthy of comment that his affidavit was not produced, nor any excuse offered for not producing it, if in fact the order was never received by him.

It is also said by plaintiff's counsel that it was incumbent upon the defendant to establish the plaintiff's default by showing by clear and satisfactory proof that due service of the order was made; and that there was no direct and positive evidence that the wrapper had no direction upon it for its return in case of non-delivery. But Mr. Brown swears to the fact as pointedly and positively as a conscientious man would be willing to do after a lapse of more than two years. He says he well understood that where service was by mail the wrapper should have no direction upon it, and further he believes he did observe the instructions and directions which the district attorney had given him upon the matter. This was as clear and cogent proof of the fact as the case admitted of, or, at all events, we think it was sufficient to justify the court in holding as it did, in effect, that the order had been served, in the absence of all denial or contradiction to the contrary.

The order appealed from must therefore be affirmed.

*By the Court.*— Order affirmed.